﻿Citation Nr: AXXXXXXXX
Decision Date: 03/12/19 Archive Date: 03/12/19

DOCKET NO. 181205-1113
DATE: March 12, 2019

ORDER

Service connection for diabetes mellitus, type II, to include as due to exposure to an herbicidal agent, is denied.

INTRODUCTION

The Veteran served on active duty from September 1966 to September 1970. 

This matter comes before the Board of Veterans’ Appeals (Board) following a rating decision by a Department of Veterans Affairs (VA) Regional Office. 

In December 2018, VA received notice that the Veteran chose to participate in VA’s Rapid Appeals Modernization Program.

FINDING OF FACT

The Veteran did not incur an event, injury, or disease related to his current diabetes mellitus, type II, during active duty service, to include being exposed to herbicides. 

CONCLUSION OF LAW

The criteria for entitlement to service connection for diabetes mellitus, type II, to include as due to herbicide exposure, have not been met. 38 U.S.C. §§ 1110, 1137, 5107; 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran contends that his current diabetes mellitus, type II, was caused by in-service exposure to an herbicidal agent.

The evidence of record amply demonstrates that the Veteran currently experiences diabetes mellitus, type II. 

The Veteran’s service treatment records, including his May 1966 enlistment examination and July 1970 separation examination, are silent as to complaints of or treatment for diabetes mellitus, type II. The evidence of record, including the private and VA treatment records, shows that this disability manifested many years after the Veteran’s active duty. Indeed, the Veteran does not contend, and the evidence of record does not otherwise support finding, that the Veteran’s diabetes mellitus, type II, began during his active duty service. He contends it is related to alleged in-service exposure to an herbicidal agent while stationed at Clark Air Force Base in the Republic of the Philippines, while serving as a Security Guard and Dog Handler, to include his exposure to C-123 aircraft. Consequently, the salient question presented by the Veteran’s claim is whether he was so exposed.

The Board notes that there are various legal and procedural provisions for claims based upon exposure to herbicide agents in the Republic of Vietnam, Korea, and Thailand. However, the record does not reflect, nor does the Veteran otherwise contend, he had such service. Rather, the Veteran claims that he was exposed to an herbicidal agent while he was stationed at Clark Air Force Base, in the Republic of the Philippines. 

Effective June 19, 2015, VA amended its regulation governing individuals presumed to have been exposed to certain herbicides by expanding the regulation to include an additional group consisting of individuals who performed service in the Air Force or Air Force Reserve under circumstances in which they had regular and repeated contact with C-123 aircraft known to have been used to spray an herbicide agent during the Vietnam era. 

Specifically, the new regulation states that an individual who performed service in the Air Force or Air Force Reserve under circumstances in which the individual concerned regularly and repeatedly operated, maintained, or served onboard C-123 aircraft known to have been used to spray an herbicide agent during the Vietnam era shall be presumed to have been exposed during such service to an herbicide agent. For purposes of this paragraph, “regularly and repeatedly operated, maintained or served onboard C-123 aircraft” means that the individual was assigned to an Air Force or Air Force Reserve squadron when the squadron was permanently assigned one of the affected aircraft and the individual had an Air Force Specialty Code indicating duties as a flight, ground maintenance, or medical crew member of such aircraft. 38 C.F.R. § 3.307(a)(6)(v).

A review of the Federal Register reveals that only some C-123s were used to actually spray herbicide in Vietnam. 80 Fed. Reg. 35,246 (June 19, 2015). For this reason, the presumption of herbicide exposure under 38 C.F.R. § 3.307(a)(6)(v) is limited to contact with C-123 aircraft known to have been used to spray an herbicide agent during the Vietnam era. This makes the C-123s a distinct case.

VA has published a list of military personnel who had regular and repeated exposure to contaminated Operation Ranch Hand C-123s, used to spray Agent Orange in Vietnam, as flight, maintenance, or medical crew members. See http://www.benefits.va.gov/compensation/docs/AO_C123_AFSpecialityCodesUnits.pdf. This list indicates that only one unit assigned to Clark Air Force Base, and only from 1969 to 1970, qualifies for the presumption: 405th Fighter Wing. 

The Veteran’s service personnel records, including his DD-214, show that he served in the Air Force, that his military occupational specialties were Security Guard, Security Policeman, and Sentry Dog Handler, and that he was assigned to the 636th Security Police Squadron while stationed at Clark Air Force Base. These personnel records also show that the Veteran was stationed at Clark Air Force Base from June to July 1967, which is prior to the dates necessary to qualify him for the presumption related to herbicide exposure. In order to qualify as working regularly and repeatedly operating, maintaining, or serving onboard C-123 aircraft while stationed at Clark Air Force Base, the Veteran must have served at Clark Air Force Base between 1969 and 1970. Therefore, the Veteran has not met the criteria for presumptive herbicide exposure from C-123s.

The Veteran asserts that herbicidal agent was stored in a bunker at Clark Air Force Base while he was stationed there. He also asserts that his duties required him to be in close proximity to the flight line and around the perimeter of the base, which is where herbicidal agents were sprayed to kill vegetation.

In February 2018, the RO submitted a request to the Joint Services Record Research Center (JSRRC) to verify that the Veteran was exposed to an herbicidal agent while stationed at Clark Air Force Base. In March 2018, JSRRC responded as follows:

We researched the available June 1967 through July 1967 history submitted by the 636th Combat Support Group (CSG), higher headquarters for the 636th Security Police Squadron (SPS), stationed at Clark Air Base (AB), Republic of the Philippines during June through July 1967.

However, after review of the history, we were unable to document that [the Veteran] was exposed to Agent Orange or tactical herbicides during his tour at Clark AB. The history was negative and did not report on, or discuss [the Veteran], or unit personnel being exposed to [Agent Orange] or tactical herbicides while performing daily duty assignments as Security Policemen in and around Clark AB during the specified periods. Nor, did the history report on Clark AB storing, spraying or testing [Agent Orange] or tactical herbicides during the June through July 1967 time period.

The Veteran did not submit or identify any evidence demonstrating that herbicidal agents were used at Clark Air Force while he was stationed there. 

Accordingly, the Board finds that the preponderance of the evidence is against finding that the Veteran was in fact or presumptively exposed to an herbicidal agent during his active service at Clark Air Force Base. As such, the doctrine of reasonably doubt does not apply, and the Veteran’s claim must be denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

T. REYNOLDS

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Sean G. Pflugner, Counsel